```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT


Richard E. Davis,              :
       Petitioner,             :
                               :
       v.                      :    File No. 1:07-CV-129
                               :
Robert Hofmann,                :
Commissioner, Vermont          :
Department of Corrections,     :
Corrections Corporation of     :
America, Fred Figueroa,        :
Warden,                        :
       Respondents.            :
```

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
### (Papers 1, 8 and 9)

Petitioner Richard E. Davis, proceeding *pro se*, brings this action pursuant to 28 U.S.C. § 2254, challenging the term of his confinement in state prison.  The respondents have moved to dismiss for failure to exhaust state court remedies.  Davis contends that because he is challenging the term of his confinement, and not the validity of his underlying conviction, he need not exhaust his remedies in state court.  For the reasons set forth below, I recommend that the motion to dismiss be GRANTED, and that the petition be DENIED without prejudice.

### Factual Background

On July 22, 1994, a jury convicted Davis on charges of

simple assault and kidnapping.  He was subsequently sentenced to zero to one year with credit for time served on the simple assault charge, and 25 years to life on the kidnapping charge.  Davis now claims that, due to a law enacted by the Vermont legislature in 2005, he is entitled to both retrospective and prospective credits to his sentence.  As a result of these credits, he calculates that his minimum term of confinement expired on July 1, 2005.  Accordingly, he claims that his current incarceration is unlawful.

The respondent has moved to dismiss for failure to exhaust state court remedies.  Davis responds that he "has no obligation under 28 U.S.C. [§] 2254, to exhaust, as Petitioner, while maintaining his posture of actual innocents [sic], at no time questions the legitimicy [sic] of said conviction, in the cause at bar."  Also before the Court is Davis's motion for summary judgment, in which he contends that there are no disputes of fact and that a writ should be issued.

## Discussion

Davis contends that the Vermont Department of Corrections has failed to apply credits to his sentence and

that he is entitled to immediate release.  In Preiser v. Rodriguez, 411 U.S. 475, 489-92 (1973), the Supreme Court determined that such a claim requires state court exhaustion.  The purpose of exhaustion is to give the state court an opportunity to correct any errors in the state process.  See Wilwording v. Swenson, 404 U.S. 249, 250 (1971).  "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights."  Coleman v. Thompson, 501 U.S. 722, 731 (1991) (citations omitted).  The Preiser decision concluded that these considerations apply not only to state court proceedings, but also to the administration of state prison systems.

> It is difficult to imagine an activity in which a
> State has a stronger interest, or one that is more
> intricately bound up with state laws, regulations,
> and procedures, than the administration of its
> prisons . . . .  The strong considerations of
> comity that require giving a state court system
> that has convicted the defendant the first
> opportunity to correct its own errors thus also
> require giving the States the first opportunity to
> correct the errors made in the internal
> administration of their prisons.

Preiser, 411 U.S. at 491-92.

Davis notes that he brought a Vermont Supreme Court appeal in 1995, and that he initiated a state court petition

3

for post-conviction relief in 1998.  (Paper 10 at 2).  Those actions did not encompass the claim he is bringing in the instant petition.  Indeed, the facts giving rise to his current claim did not occur until the Vermont legislature passed a law in 2005.  It is therefore plain that Davis has not presented to the state courts "the factual and legal premises of the claim he asserts in federal court."  Daye v. Attorney General, 696 F.2d 186, 191 (2d Cir. 1982).

Exhaustion is not required where there is "an absence of available state court corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b).  The Vermont Supreme Court recently made clear that there is a state court remedy for a claim such as the one Davis seeks to bring.  In State v. Young, the court noted that if an inmate disputes the calculation of his sentence by the Department of Corrections, "he or she may file a grievance with the commissioner, and thereafter seek review in the superior court under V.R.C.P. 75."  2007 VT 30, ¶ 5 (citing Ladd v. Gorczyk, 2004 VT 87, ¶ 3).  Although Rule 75 has time limitations, it is not clear that any such limitations are applicable in this case.  V.R.C.P. 75(c).  Accordingly,

there are "available" state court remedies, and Davis's petition should be DENIED without prejudice for lack of exhaustion.

## Conclusion

For the reasons set forth above, I recommend that the respondents' motion to dismiss (Paper 9) be GRANTED, that Davis's motion for summary judgment (Paper 8) be DENIED, and that Davis's petition for a writ of habeas corpus (Paper 1) be DENIED without prejudice for lack of exhaustion.

Dated at Burlington, in the District of Vermont, this 26th day of March, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).